IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP CHARVAT, individually and on behalf of a class of all persons and entities similarly situated, <br><br> Plaintiff <br><br> vs. <br><br> DELIVERCARERX, INC. <br><br> Defendant | Case No. 1:14-cv-6832 <br><br> CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiff Philip Charvat ("Plaintiff" or "Mr. Charvat") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, Defendant DeliverCareRx, Inc. ("Delivercare") placed telemarketing calls to a telephone number Mr. Charvat had registered on the national Do Not Call Registry.

3. Mr. Charvat never consented to receive these calls, and they were placed to him for telemarketing purposes.

4. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Charvat brings this action on behalf of a

proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Delivercare.

5. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff Philip Charvat is a resident of the state of Ohio.

7. Defendant DeliverCareRx, Inc. is a Delaware corporation that has an office in the state of Illinois in this district, as well as derives substantial revenue from Illinois.

8. Delivercare offers home delivery services for prescription pain medications.

## Jurisdiction & Venue

9. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

10. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (2) because:

    a. The Defendant, who is the sole defendant in this case, is a resident of this District, as the pharmacy being promoted on the telemarketing calls to the Plaintiff was in this District.

    b. A substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls to the Plaintiff were done by the Defendant's location in the District, and the telemarketing calls directed revenues and clients to the Defendant's location in this District.

**TCPA Background**

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

***The TCPA prohibits telemarketing calls to numbers listed
on the Do Not Call Registry, unless the caller
has the recipient's signed, written consent***

12. The national Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

14. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

15. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

**Factual Allegations**

*Delivercare places telemarketing calls to the Plaintiff*

16. On August 26 and August 27, 2014, the Plaintiff received telephone calls from telemarketing representatives calling from Delivercare on plaintiff's residential telephone line. Plaintiff is the subscriber for this telephone line.

17. During the telemarketing calls to the Plaintiff, Delivercare offered to provide the Plaintiff with a delivery service for the prescription medications through their "licensed pharmacy".

18. Without the Plaintiff offering the information, the telemarketer calling from Delivercare read the Plaintiff his home address in one of the calls.

19. Delivercare then asked the Plaintiff to verify his birth date, and read him an incorrect year, but correct month for his birthday. Again, this was without the Plaintiff offering this information.

20. During one of the calls, the Plaintiff was given the website, www.delivercarerx.com.

21. That website is owned and operated by the Defendant.

22. During one of the telemarketing calls, the Plaintiff was also given a telephone number of (847) 965-1600 for the calling party.

23. That number is the phone number for one of the Defendant's pharmacies located at 8950 Gross Point Rd, Skokie, IL 60077.

24. Plaintiff is not a customer of Defendant, and has not provided Defendant with his personal information or telephone number.

25. Both calls were placed to telephone number (614) 895-XXXX that Plaintiff had listed on the national Do Not Call Registry more than two years prior to the telephone calls.

26. Unfortunately, the Plaintiff's experience with Delivercare is not unique, as others have complained about similar activities:

> Called and harassed my grandparents in regards to their prescription medication. They did not seem to understand that there was no authorization being given and they were told to not call back.
> *Caller: Deliver Care Rx*
> Jane, August 26, 2014.
>
> I answered this call twice. They want to be your home delivery prescription company. The first time I hung up when he asked for my email address. The second time I told him that I have a home delivery prescription company and hung up. This is a telemarketing operation, I could hear the more callers in the background.
> Call Type: Telemarketer
> Bob, August 25, 2014.

*See* http://800notes.com/Phone.aspx/1-404-860-1804 (Last Visited September 1, 2014).

**Class Action Allegations**

27. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

28. The class of persons Plaintiff proposes to represent is tentatively defined as all persons within the United States whose phone numbers were registered on the Do Not Call Registry, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call within any twelve-month period from, or on behalf of, Defendant.

29. Excluded from the Class are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

30. The classes as defined above are identifiable through phone records and phone number databases.

31. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

32. Plaintiff is a member of the classes.

33. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether Delivercare violated the TCPA by calling individuals on the National Do Not Call Registry;

    b. Whether Delivercare placed calls without obtaining the recipients' prior consent for the call;

    c. Whether the Plaintiffs and the class members are entitled to statutory damages as a result of Delivercare's actions.

34. Plaintiff's claims are typical of the claims of class members.

35. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

36. The actions of Delivercareare are generally applicable to the class as a whole and to Plaintiff.

37. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

38. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

39. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Do Not Call provisions

40. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

41. The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

42. The Defendant's violations were negligent and/or knowing.

### Count Two:
### Injunctive relief to bar future TCPA violations

43. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

44. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

45. The Plaintiff respectfully petitions this Court to order the Defendants, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

**Relief Sought**

For himself and all class members, Plaintiff requests the following relief:

1. That Delivercare be restrained from engaging in future telemarketing in violation of the TCPA.

2. That Delivercare, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure.

4. That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

5. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**


                Plaintiff,
                By Counsel

                */s/ Alexander H. Burke*

Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Phone: (312) 729-5288
aburke@burkelawllc.com

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA  02110

(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Subject to Pro Hac Vice*

## **DOCUMENT PRESERVATION DEMAND**

  Plaintiff hereby requests that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, consent or opt-in information and documents, all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim.
  If defendant is aware of any third party that has possession, custody or control of any such materials, including in particular any lead generators, lead aggregators, hosted dialer companies, telemarketing companies, telephone companies or other similar entities, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                  /s/Alexander H. Burke